UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13CV-00112-GNS-HBB

KAREN MURTON                                                                                          PLAINTIFF

V.

ANDROID INDUSTRIES—BOWLING GREEN, LLC                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Report and Recommendation of the United States Magistrate Judge (DN 36) relating to Defendant's Motion for Summary Judgment (DN 31). Plaintiff filed objections (DN 37) and Defendant responded (DN 38). This matter is ripe for a decision. For the reasons outlined below, the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation of the United States Magistrate Judge in its entirety, and **OVERRULES** Plaintiff's objections.

### I. STATEMENT OF FACTS AND CLAIMS

This case involves breach of contract, promissory estoppel, and fraudulent misrepresentation claims asserted by Plaintiff Karen Murton ("Murton") against Android Industries—Bowling Green, LLC ("Android"). A thorough recitation of the facts is set forth in the Magistrate Judge's Report and Recommendation and will not be repeated here. (Report & Recommendation 1-4, DN 36).

After Android moved for summary judgment, the Magistrate Judge recommended granting summary judgment in Android's favor. (Report & Recommendation 11). After having

1

reviewed Murton's objections and for the reasons outlined below, the Court adopts the Report and Recommendation in its entirety and overrules Murton's objections.

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon diversity jurisdiction. *See* 28 U.S.C. § 1332.

## III. STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a U.S. magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate." *Id.* "When a party makes conclusory or general objections, or simply reiterates the original arguments, the Court will review the report only for clear error." *Menking ex rel. Menking v. Danies*, 287 F.R.D. 174, 177 (S.D.N.Y. 2012) (internal citation omitted).

## IV. DISCUSSION

As a preliminary matter, Murton objects on the basis that the Report construes the evidence in an improper light and not in her favor. Based upon the Court's review of the record and the Report, the Court disagrees with Murton's characterization of the Report's proposed findings and concludes that the evidence was properly construed.

Murton also objects to the dismissal of her promissory estoppel claim on the basis that Kentucky law recognizes the viability of such a claim and that Kentucky law was misapplied. In raising her objection, however, Murton misconstrues Kentucky case law and how it applies to the facts of this case.

Whether Murton has a claim for promissory estoppel turns on whether there was a promise of employment for a definite term. *See Clay v. City of Louisville Metro*, No. 3:10-CV-371-CRS, 2011 WL 6141122, at *2 (W.D. Ky. Dec. 9, 2011) (dismissing a claim for promissory estoppel because the plaintiff "was not expressly promised definite future employment, as the plaintiff was in *Rickert*." (citing *United Parcel Serv. v. Rickert*, 966 S.W.2d 464, 470 (Ky. 1999)). For example in *Brown v. Louisville Jefferson County Redevelopment Authority, Inc.*, 310 S.W.3d 221 (Ky. App. 2010), the Kentucky Court of Appeals recognized that a claim for promissory estoppel because there was an express agreement to employ the plaintiff for a specific period of time. *See id.* at 225. In the present case, however, no such promise was made to alter Murton's at-will employment status.[1] Accordingly, Murton has failed to prove a promissory estoppel claim against Android.

Finally, Murton asserts that her fraudulent representation claim should survive summary judgment. In doing so, Murton largely rehashes her arguments in opposition to the motion for summary judgment. As the Report correctly outlines, there are stark and legally significant differences between the facts in *Rickert* and the present case. As previously discussed, the plaintiff (and a group of other employees) in *Rickert* was promised employment for a definite period of time while Murton was merely offered at-will employment with Android. To the extent that Murton relied on anything, it was only based upon an offer of at-will employment, which Android was legally entitled to rescind at any time due to Murton's at-will employment status. Thus, the Court also concludes that the fraudulent misrepresentation claim should be dismissed.

---

[1] Murton does not contest that she was an at-will employee, which undermines her objections and underscores appropriateness of the Report's recommendation that summary judgment is warranted in this case.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED AND ADJUDICATED** that the Report and Recommendation of the United States Magistrate Judge (DN 36) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and the objections of Plaintiff Karen Murton (DN 37) are **OVERRULED**.

Greg N. Stivers, Judge
United States District Court

June 3, 2015

cc: counsel of record

4